IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| M. RODNEY E. JONES, # 244189 (A/K/A RODNEY M. JONES OR RODNEY E. JONES OR RODNEY JONES),<br><br>               Plaintiff,<br>vs.<br><br>MARK SANFORD, GOVERNOR OF SOUTH CAROLINA;<br>JON OZMINT, DIRECTOR OF SOUTH CAROLINA DEPARTMENT OF CORRECTIONS;<br>NFN BUSH, CAPTAIN AT MCCORMICK CORRECTIONAL INSTITUTION;<br>SCOTT LEWIS, MAJOR AT MCCORMICK CORRECTIONAL INSTITUTION;<br>COLIE RUSHTON, WARDEN OF MCCORMICK CORRECTIONAL INSTITUTION; AND<br>LEROY CARTLEDGE, WARDEN OF MCCORMICK CORRECTIONAL INSTITUTION,<br><br>               Defendants. | Civil Action No. 3:05-2664-MBS-JRM<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff filed this action under 42 U.S.C. § 1983 on September 21, 2005. At the time he filed this action, Plaintiff was incarcerated at the McCormick Correctional Institution ("MCCI") of the South Carolina Department of Corrections ("SCDC"). He is currently housed at the Broad River Correctional Institution ("BRCI") of the SCDC. On October 5, 2005, Plaintiff filed an amended complaint. Defendants filed a motion to dismiss on November 7, 2005. Plaintiff, because he is proceeding pro se, was advised on November 9, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for

summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint.  On November 21, December 9, and December 16, 2005, Plaintiff filed responses in opposition to Defendants' motion to dismiss.

## MOTIONS FOR PRELIMINARY INJUNCTIONS

Plaintiff has filed numerous pleadings which appear to be motions for preliminary injunctive relief.  On October 5, 2005, Plaintiff filed a motion for an order of protection against Defendants and MCCI officials to prevent harm or imminent danger to him.  He requests a transfer from MCCI to statewide protective custody at Kirkland Correctional Institution ("KCI"). On October 21, 2005, Plaintiff filed a motion for an order of protection and separation.  He claims that he is entitled to "separations against" BRCI, Lee Correctional Institution ("LCI"), Evans Correctional Institution ("ECI"), and MCCI as he faces imminent danger if he is housed at these institutions because of prior lawsuits he filed against officials at these institutions.  On November 7, 2005, Plaintiff filed a motion for a protective order against being placed at LCI, MCCI, BRCI, or ECI and requested that he be housed at Lieber Correctional Institution, Ridgeland Correctional Institution, or an SCDC "Level 2" facility.  On January 18, 2006, Plaintiff filed a motion for an "order of judgment" in which he requests that the Court order reimbursement of good-time credits Plaintiff lost in disciplinary hearings from 1997 to 2005.[1]  On February 21, 2006, Plaintiff filed a pleading titled "Writ for Injunctive Relief."  He requests restoration of good-time credits and separations from BRCI, LCI, MCCI, ECI, Lieber Correctional Institution, and KCI. Plaintiff filed

---

[1]Plaintiff also has titled his pleading "MOTION FOR JURY TRIAL BY DEMAND AS RIGHT FEDERAL RULES OF CIVIL PROC. RULE 38."  When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. Fed. R. Civ. P. 39.  Here, Plaintiff's jury demand has already been noted on the docket.

2

a pleading titled "Motion for Order of Judgment" on April 4, 2006. He requests that the Court order Defendants to reimburse good-time credits and release him from custody.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c) the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Here, as discussed below, Plaintiff is unlikely to be successful in the underlying dispute between the parties. As he has now been transferred from MCCI (where he alleged he was in imminent danger) to BRCI, he is unlikely to suffer irreparable injury if interim relief is denied. To the extent that Plaintiff is alleging claims concerning his disciplinary hearings, those claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). Plaintiff has not shown that he successfully attacked these disciplinary hearing convictions and cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. It is, therefore, recommended that Plaintiff's motions for preliminary injunctions, separation, and/or for orders of judgment (Docs. 9, 20, 25, 51, 58, and 72) be denied.

## MOTION TO DISMISS

On November 7, 2005, Defendants filed a motion to dismiss. Defendants contend that their motion should be granted because: (1) any claims against the individual Defendants pursuant to the South Carolina Tort Claims Act should be dismissed as Defendants were acting within the court and scope of their employment at all times; and (2) Plaintiff's imminent danger claims are moot because he has now been transferred away from MCCI.

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Products Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).  A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys.  Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972).   When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss granted.  Fed. R. Civ. P. 12(b)(6).

It can be judicially noticed that Plaintiff has filed more than three prior frivolous cases in this Court, which have been deemed "strikes" under the Prison Litigation Reform Act.  In order to proceed with his claims in this Court without prepayment of the filing fee, Plaintiff must show that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).[2]  A bare

---

[2]This section provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
28 U.S.C. § 1915(g).

unsupported claim by a prisoner that he or she is under imminent danger of serious physical injury will not suffice. Sufficient factual allegations must be set forth to reach this threshold. See Carson v. Texas Dep't of Criminal Justice-Institution Division, 1998 WL 906989, at #1 (N.D.Tex. December 17, 1998)("Plaintiff is simply attempting to tailor his allegations so they will fall within the statutory exception, but his claims are really simply the usual dissatisfactions with prison life[.]").

The undersigned has considered Plaintiff's claims concerning alleged threats from inmates and correctional officers at MCCI as claims as meeting the minimum threshold under the "imminent danger of serious physical injury" standard so as to allow for consideration of those claims. The remainder of the claims set forth in the Complaint and Amended Complaint (including Plaintiff's allegations concerning his disciplinary hearings, good-time credits, use of excessive force in the past, a claim concerning his access to medical care on one occasion, and claims concerning grievances), fail to meet the imminent danger of serious physical injury standard. Therefore, as Plaintiff has failed to pay the filing fee or other court costs in this case, these claims should be dismissed without prejudice.

A prisoner may invoke the imminent danger exception to the § 1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir.2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir.1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997), overruled on other grounds ). Allegations that the inmate has faced imminent danger

6

or suffered harm in the past are insufficient to trigger the § 1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

It is recommended that Defendants' motion to dismiss be granted. Plaintiff's "imminent danger" claims are moot as he has been transferred to another institution. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); and Ross v. Reed, 719 F.2d 689 (4th Cir. 1983). Plaintiff appears to claim that he is currently under a threat of imminent danger at BRCI. In support of his claim, Plaintiff has submitted an alleged "Incident Report" from MCCI in which SCDC officials supposedly state that Plaintiff should receive "permanent separations" from MCCI, LCI, BRCI, and ECI. Plaintiff's November 14, 2005 Memorandum, Ex. A. Defendants assert that this document was forged by Plaintiff and was not created by SCDC officials. Defendants' November 28, 2005 Response. Major Lewis and Captain Bush both state that they did not sign the document. Lewis and Bush Affs. MCCI Associate Warden Cartledge states that "Officer Young" (the correctional officer that allegedly wrote the incident report) cannot be located or identified as an MCCI employee and that employees of MCCI could not have written the alleged incident report because they do not have the authority to dictate that a prisoner could or could not be housed at another institution. Cartledge Aff. Even if this incident report is genuine, it does not support Plaintiff's claim that he is in any imminent danger at BRCI.

## JURY TRIAL ROSTER

On April 4, 2006, Plaintiff filed a motion for transfer of his case to the jury trial roster. As Plaintiff has been transferred from MCCI to BRCI and he fails to show that he is in any

7

imminent danger from inmates and correctional officers at MCCI, it is recommended that his motion (Doc. 73) be denied.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motions for injunctive relief, protective orders, and/or orders of judgment (Docs. 9, 20, 25, 51, 58, and 72) be denied; Plaintiff's motion for transfer to the jury trial roster list (Doc. 73) be denied; and Defendants' motion to dismiss (Doc. 22) be granted.

                                          Respectfully submitted,

                                          s/Joseph R. McCrorey
                                          United States Magistrate Judge

April 17, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201