IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| M. Rodney Jones #244189 (a/k/a Rodney M. Jones or Rodney E. Jones or Rodney Jones), )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Mark Sanford, Governor of South Carolina, et al., )<br>)<br>Defendants. )<br>_____) | C/A No. 3:05-2664-MBS-JRM<br><br><br><br><br><br>**OPINION AND ORDER** |

Petitioner M. Rodney Jones is an inmate in custody of the South Carolina Department of Corrections (SCDC). Petitioner brings this action pursuant to 42 U.S.C. § 1983. Plaintiff seeks restoration of good time credits and release from custody.

This matter is before the court on Plaintiff's motions for injunctive relief, protective orders, and/or orders of judgment (Entries 9, 20, 25, 51, 58, and 72) and Defendants' motion to dismiss (Entry 22). By order filed November 9, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a responses to Defendants' motion on November 14, November 21, December 9, and December 16, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On April 18, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that Plaintiffs' motions for preliminary injunction be denied because Plaintiff is unlikely to be successful in the underlying dispute between the parties. The Magistrate Judge noted that Plaintiff has filed more than

three prior frivolous cases that have been deemed "strikes" under the Prison Litigation Reform Act, so that he cannot proceed without prepayment of a filing fee absent a showing that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Magistrate Judge concluded that Plaintiff's complaint and amended complaint did not meet the minimum threshold under the "imminent danger of serious physical injury" standard so as to allow for consideration of those claims. The Magistrate Judge further noted that any claims regarding imminent danger were moot because Plaintiff had been transferred to another institution. Therefore, the Magistrate Judge recommended that Defendants' motion to dismiss be granted. The Magistrate Judge also recommended that Plaintiff's motion for transfer of his case to a jury roster be denied because Plaintiff has failed to establish he is in any imminent danger. On April 28, 2006, Plaintiff filed objections "to each and every part in part and word" of the Report and Recommendation (Entry 78)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff contends that (1) he will not receive relief "due to the fact that the Plaintiff had in times pass filed Judicial Complaints against Judge McCorery and Judge Margaret Seymoure which in turn has manifested the miscarriages of justice imposed upon plaintiff case"; (2) the Magistrate Judge failed to conduct a thorough review of the record; (3) the Magistrate Judge failed to compel

Defendants to participate in discovery; (4) the Magistrate Judge directed Plaintiff to file an imminent danger action, and then dismissed the same; (5) the court has overlooked claims regarding violation of due process in inmate disciplinary hearings; (6) the Magistrate Judge disregarded Plaintiff's right to a jury trial.  Plaintiff's objections are without merit because Plaintiff has presented no credible evidence to establish that he is in "imminent danger of serious physical injury" so as to allow the court to review the merits of his allegations in the absence of prepayment of a filing fee.

After review of the record, the court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference.  Plaintiff's motions for injunctive relief, protective orders, and/or orders of judgment (Entries 9, 20, 25, 51, 58, and 72) are **denied**. Plaintiff's motions for transfer to the jury trial roster (Entries 73, 77) are **denied**.  Defendants' motion to dismiss (Entry 22) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 4, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**